IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| FREDDIE HOLT, | : | |
| Plaintiff | : | |
| VS. | : | CIVIL ACTION NO.: 5:09-CV-7 (HL) |
| JESSE GIBBS, Probation Officer, | : | |
| | : | **ORDER** |
| Defendant | : | |

Plaintiff **FREDDIE HOLT**, an inmate at the Georgia Diagnostic and Classification Prison in Jackson, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

## I. REQUEST TO PROCEED IN FORMA PAUPERIS

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). As it appears plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

Hereafter, plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The agency having custody of plaintiff shall forward said payments from plaintiff's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C.§1915(b)(2). The clerk of court is directed to send a copy of this Order to the business manager and the warden of the institution where plaintiff is confined.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Scheuer v. Rhodes*, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. *See Wideman v.*

*Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987).  Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law.  *Id*.

### III.  STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

Plaintiff states that he was on probation when he was arrested on April 10, 2008.  Plaintiff complains that he was not given a preliminary hearing or any other opportunity to go before a judge.  Plaintiff states that at his probation revocation hearing he was not given a chance to testify on his own behalf or confront witnesses.  Plaintiff states his attorney was ineffective, his probation was revoked on the basis of hearsay, and that no evidence against him was presented at the revocation hearing.

Plaintiff seeks damages.

Plaintiff's claim for damages against Jesse Gibbs falls within the ambit of the Supreme Court's decision in *Heck v. Humphrey*, 114 S. Ct. 2364 (1994).  In *Heck*, the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 2372-73.

In other words, a prisoner cannot bring a §1983 action that would invalidate a sentence or conviction unless the sentence or conviction in question has previously been invalidated.  Such an action, if brought prior to invalidation of the conviction or sentence

challenged, must therefore be dismissed as premature. *Id.* at 2372. In addition to convictions and sentences, *Heck* applies to parole and probation revocation proceedings. *See Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir.), *cert. denied*, 116 S. Ct. 148 (1995).

In the case at bar, plaintiff's allegations regarding his probation revocation proceedings, if proven, would invalidate the revocation of his probation. *See e.g., White v. Gittens*, 121 F.3d 803 (1st Cir. 1997) (*Heck* barred action alleging denial of due process for failure to provide attorney at parole revocation hearing because the sentence following the revocation had not yet been invalidated). Because plaintiff has not demonstrated that he has appealed his probation revocation in the state courts or that his revocation proceeding has been reversed, expunged, set aside, or called into question by the issuance of a writ of habeas corpus, *Heck* bars all of plaintiff's claims that would necessarily call into question his probation revocation. Plaintiff must return to state court and attempt to invalidate his probation revocation. If plaintiff should succeed, he may then institute an action for damages under §1983 in federal court.

Based on this finding, plaintiff's 42 U.S.C. § 1983 action must be **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A.

**SO ORDERED**, this 14th day of January, 2009.

> *s/ Hugh Lawson*
> HUGH LAWSON
> UNITED STATES DISTRICT JUDGE

lnb